## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In RE:

GEORGE T. FARRELL,                          Case No:  8:07-bk-05406-KRM
                                            Chapter 7
     Debtor.

_____/

TRACI K. STEVENSON, as Chapter 7 Trustee,

     Plaintiff,

     v.                                     Adv. Proc. No. _____

NICK KOTAICHE,

     Defendant.

_____/

### CHAPTER 7 TRUSTEE'S COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, TRACI K. STEVENSON, AS CHAPTER 7 TRUSTEE ("Trustee" or
"Plaintiff"), by and through her undersigned attorneys, pursuant to 11 U.S.C. §§ 105 and Rule
7065 of the Federal Rules of Bankruptcy Procedure, Rule 65 of the Federal Rules of Civil
Procedure and Rules 4.05 and 4.06 of the Rules of the United States District Court of the Middle
District of Florida, hereby sues Defendant, NICK KOTAICHE ("Defendant"), for injunctive
relief and states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. § 157.

3. Venue is based upon 28 U.S.C. § 1409.

## Common Factual Allegations

4.      On or about March 29, 2006, George Farrell, individually, and as Managing Member of Milmarson Development, LLC, as Assignor ("Assignor"), and Defendant, as Assignee ("Assignee"), executed an Assignment of Interest in Real Property and Project ("Assignment"), attached hereto as Exhibit "A."

5.      As recited in the Assignment, the Parties to the Assignment entered into a limited liability partnership known as Crest Capital, LLP ("Partnership"). The Partnership acquired real property located at 13400 Pine Street, Largo, FL ("Property").

6.      Pursuant to paragraph 1 of the Assignment, Assignor assigned to Assignee all of Assignor's right, title and interest in and to the Property.

7.      Pursuant to paragraph 2(a)-(d) of the Assignment, Assignee accepted the Assignment from Assignor and agreed to pay Assignor the following: (a) upon execution of this Assignment, the sum of $50,000 cash; (b) upon Assignee's sale of the Property to a third party, 20% of the net amount realized by the Assignee; (c) one-half of the rent accrual through date of this Agreement, if collected; and (d) Assignee will cover $2,000 of Assignor's attorneys' fees.

8.      With respect to paragraph 2(c) of the Assignment, Terra Excavation paid $150,000.00 in rent, one-half of which is due to Assignor, pursuant to the Assignment.

9.      Assignor George Farrell ("Debtor" or "Assignor") filed Chapter 7 bankruptcy on or about June 26, 2007.

10.     Thereafter, Traci K. Stevenson was appointed as the Chapter 7 bankruptcy trustee ("Trustee") in Debtor's bankruptcy case.

11.     On or about June 16, 2008, the Bankruptcy Court entered an Amended Order on the Trustee's Second Amended Motion to Compel Turnover of Property of the Estate and

Request to Revoke Debtor's Discharge ("Bankruptcy Court Order"), attached hereto as Exhibit "B."

12.    Paragraph 6 of the Bankruptcy Court Order sets forth, in pertinent part, that the Debtor must turnover to the Trustee one-half of the yearly rents due from Terra Excavation, in accordance with the Assignment.   Furthermore, paragraph 6 of the Bankruptcy Court Order states that these rents are deemed property of the bankruptcy estate and not property of the Debtor.  Stated simply, the rents due to the Debtor, pursuant to the Assignment, are an asset of the Debtor's bankruptcy estate, of which the Trustee is the authorized representative, as determined by the Bankruptcy Court.

13.    Furthermore, on September 10, 2008, the Bankruptcy Court entered an Order to Transfer Payment, directed to Defendant, attached hereto as Exhibit "C."

14.    Pursuant to the Order to Transfer Payment, the Bankruptcy Court immediately directed Defendant to garnish in favor of the Trustee and to pay to the Trustee directly, in care of her attorneys, all monies due to the Debtor, pursuant to the Assignment, including one-half of the yearly rents due from Terra Excavation whenever due or paid, now or in the future.

15.    As a result of the Assignment, the Bankruptcy Court Order, and the Order to Transfer Payment, Defendant owes Plaintiff $75,000.00, since Terra Excavation paid $150,000.00 in rent.

## Count 1 – Breach of Written Assignment

16.    Plaintiff realleges and reincorporates paragraphs 1 through 15 as if fully restated herein.

17.    Debtor and Defendant entered into a written Assignment.

18.    Pursuant to paragraph 2(c) of the Assignment, the Debtor was due a portion of the rents received from Terra Excavation.

19.    Terra Excavation has paid $150,000.00 in rent.

20.    The Bankruptcy Court determined that the rents due to the Debtor, per the Assignment, are deemed an asset of the bankruptcy estate, as set forth in the Bankruptcy Court Order.

21.    Furthermore, in the Order to Transfer Payment, the Bankruptcy Court directed Defendant to immediately pay to Plaintiff one-half of the rents, per the Assignment, belonging to the bankruptcy estate.

22.    Defendant has breached said Assignment by failing to pay Plaintiff the bankruptcy estate's portion of the yearly rents received from Terra Excavation, pursuant to the Assignment, the Bankruptcy Court Order, and the Order to Transfer Payment.

23.    As a result, Defendant owes Plaintiff $75,000.00.

24.    All conditions precedent to the granting of the relief set forth herein have occurred or have been performed, are satisfied or have been otherwise waived.

WHEREFORE, Plaintiff, TRACI K. STEVENSON, AS CHAPTER 7 TRUSTEE, demands judgment for all damages against Defendant, NICK KOTAICHE, and for such other and further relief as this Court deems just and proper.

**Count 2 – Preliminary Injunction and Permanent Injunction Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 65 of the Federal Rules of Civil Procedure and Rule 4.06 of the Rules of the United States District Court for the Middle District of Florida**

25.    Plaintiff realleges and reincorporates paragraphs 1 through 15 as if fully restated herein.

26.    Debtor and Defendant entered into a written Assignment.

4

27.    Pursuant to paragraph 2(c) of the Assignment, the Debtor was due a portion of the rents received from Terra Excavation.

28.    Terra Excavation has paid $150,000.00 in rent.

29.    The Bankruptcy Court determined that the rents due to the Debtor, per the Assignment, are deemed an asset of the bankruptcy estate, as set forth in the Bankruptcy Court Order.

30.    Furthermore, in the Order to Transfer Payment, the Bankruptcy Court directed Defendant to immediately pay to Plaintiff one-half of the rents, per the Assignment, belonging to the bankruptcy estate.

31.    As of the date of this Complaint, Defendant has not yet paid Plaintiff the rents due to Plaintiff, pursuant to the Assignment, the Bankruptcy Court Order, and the Order to Transfer Payment.

32.    As a result, Defendant owes Plaintiff $75,000.00.

33.    Plaintiff seeks a preliminary and permanent injunction, compelling Defendant to comply with the Bankruptcy Court Order and the Order to Transfer Payment.

34.    The bankruptcy estate will be irreparably harmed without this injunctive relief.

35.    The injunction will not harm the Defendant.

36.    The irreparable harm that will occur to the bankruptcy estate outweighs any harm that the Defendant could conceivably suffer by being compelled to comply with the Bankruptcy Court Order and the Order to Transfer Payment.

37.    Compelling the Defendant to comply with the Bankruptcy Court Order and the Order to Transfer Payment will serve the public interest by benefiting the bankruptcy estate, and therefore, the Debtor's creditors.

38.    The Plaintiff is likely to succeed on the merits of the case. The Bankruptcy Court Order and Order to Transfer Payment are clear, in that the Trustee is entitled to the rents, as an asset of the bankruptcy estate. Defendant has no right to withhold same from Plaintiff.

39.    All conditions precedent to the granting of the relief set forth herein have occurred or have been performed, are satisfied or have been otherwise waived.

WHEREFORE, Plaintiff, TRACI K. STEVENSON, AS CHAPTER 7 TRUSTEE, respectfully requests that this Court enter an Order Compelling Defendant to Comply with the Bankruptcy Court Order and Order to Transfer Payment, and pay Plaintiff one-half of the rents received, and for such other and further relief as this Court deems just and proper.

Dated this 23rd day of September, 2008.

Iurillo & Associates, P.A.

/s/ Camille J. Iurillo

_____
Camille J. Iurillo, Esq.
FLB #902225
Gina M. Pellegrino, Esq.
FLB #0022842
600 First Ave. North, Ste. 308
St. Petersburg, FL 33701
(727) 895-8050 telephone
(727) 895-8057 facsimile
Attorneys for Plaintiff

## ASSIGNMENT OF INTEREST IN REAL PROPERTY AND PROJECT

THE PARTIES to this Agreement are George Farrell, both Individually and as Managing Member of Milmarson Development, LLC (collectively the "Assignor") and Nick Kotaiche, Individually (the "Assignee").

### RECITALS

WHEREAS, the Parties entered into a limited liability Partnership titled "CREST CAPITAL, LLP" (the "Partnership") created and existing under the law of the State of Florida; and

WHEREAS, the Partnership acquired a piece of property consisting of approximately 18.43 acres located at 13400 Pine Street, Largo, Pinellas County, Florida, more fully described in Exhibit "A" attached (the "Property"); and

WHEREAS, the Property is subject to a First Mortgage given by Pinellas County, a political subdivision of the State of Florida, dated October 8, 2004, recorded October 13, 2004 in O.R. Book 13882, beginning at page 1476 and rerecorded December 17, 2004 in O.R. Book 14008, beginning at page 1419, all in the Public Records of Pinellas County, Florida; given to secure a Promissory Note in the original principal amount of Three Million Four Hundred Twenty-Nine Thousand Seven Hundred Ten and 00/100 Dollars ($3,429,710.00) for the purpose of constructing an Affordable Housing Development on said Property (the "Project"); and

WHEREAS, the Partnership entered into an Agreement for Development with the Pinellas County Community Development Department dated on or about October 8, 2004 whereby the Partnership agreed to commence work on the Project no later than June 1, 2005 (the "Commencement Date"); such Agreement was amended on or about June 6, 2005 through an Amendment to Agreement for Development whereby the commencement date was extended to December 31, 2005, and was subsequently extended by additional Amendments to Agreement for Development, the last being dated January 31, 2006 extending the commencement date to April 30, 2006; and

WHEREAS, it is in the best interests of the parties that George Farrell, Individually and as Managing Member of Milmarson, LLC, a Partner in Crest Capital, LLP, shall convey his interest in the Property and the Project to Nick Kotaiche, Individually and as a Partner of Crest Capital, LLP and/or his Assigns.

### AGREEMENT

NOW, THEREFORE, for good and valuable consideration and covenants hereafter set forth, the parties agree as follows:

1.    **Assignment and Delegation.**  Assignor hereby conveys, transfers and assigns to Assignee, all of Assignor's right, title and interest in and to the Property and the Project (the "Property and Project Interest"), and delegates to Assignee all of his obligations under the Agreement. Assignor agrees to deliver to Assignee his original Certificate representing his ownership interest in the Partnership upon payment of the $50,000 purchase price.

2.    **Acceptance and Assumption.**  Assignee hereby accepts the Assignment of Assignor's Property and Project Interest and agrees to assume and perform all of Assignor's duties and obligations under the Agreement. Additionally, Assignee agrees to pay to the Assignor the following:

**EXHIBIT**

*A*

(a)   upon execution of this Agreement, the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) Cash;

(b)   upon Assignee's sale of the Property to a third party, twenty percent (20%) of the net amount realized by the Assignee;

(c)   one-half of the rent accrual through date of this Agreement, if collected; and

(d)   Assignee will cover $2,000 of Assignor's attorneys' fees.

It is further agreed and acknowledged that it is expressly contemplated that Assignee will enter into a Partnership with additional partners which will dilute the net amount of the sale realized by the Assignee.

3.    Release of Liabilities.   Assignor shall be released of further liabilities by Partnership.

4.    Miscellaneous.

(a)   Entire Agreement.   This Agreement embodies the entire agreement between the parties relative to the subject matter hereof, and there are no oral or written agreements between the parties, nor any representations made by either party relative to the subject matter hereof, which are not expressly set forth herein.

(b)   Amendment.   This Agreement may be amended only by a written instrument executed by the party or parties to be bound thereby.

(c)   Headings.   The captions and headings used in this Agreement are for convenience only and do not in any way limit, amplify, or otherwise modify the provisions of this Agreement.

(d)   Governing Law.   This Agreement shall be governed by the laws of the State of Florida and the laws of the United States pertaining to transactions in such State. All of the parties to this Agreement have participated freely in the negotiation and preparation hereof; accordingly, this Agreement shall not be more strictly construed against any one of the parties hereto.

(e)   Successors and Assigns; Assignment.   This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective heirs, executors, administrators, personal and legal representatives, successors and assigns. Assignee shall have the right to assign Assignee's rights under this Agreement without the prior written consent of Assignor.

(f)   Invalid Provision.   If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws, such provision shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by such illegal, invalid, or unenforceable provision or by its severance from this Agreement.

(g)    Attorneys' Fees.  In the event it becomes necessary for either party hereto to file suit to enforce this Agreement or any provision contained herein, the party prevailing in such suit shall be entitled to recover, in addition to all other remedies or damages, as provided herein, reasonable attorneys' fees, paralegal fees and cost incurred in such suit at trial, appellate, bankruptcy and/or administrative proceedings.

(h)    Multiple Counterparts; Facsimile Signatures.  This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which when taken together shall constitute one and the same instrument. In making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart executed by the party to be charged.   For purposes of executing this Agreement, facsimile signatures are acceptable.

(i)    Date of this Agreement.  This Agreement shall not be effective unless signed by both Assignee and Assignor.

    IN WITNESS WHEREOF, this document is entered into and executed this ____ day of March, 2006.

WITNESSES:

Print Name  L. Georgino

Print Name  Kim Shore

Print Name  L. Georgino

Print Name  Kim Shore

Print Name  L. Georgino Yovke

Print Name  Tony Kallal

MILMARSON DEVELOPMENT, LLC, a Florida limited liability company

By: _____
George Farrell, Managing Member

_____
George Farrell, Individually

"ASSIGNOR"

_____
Nick Kotaiche, Individually

"ASSIGNEE"

# CREST CAPITAL, LLP

*THIS CERTIFIES THAT*  MILMARSON DEVELOPMENT, LLC, a Florida limited liability company

is the owner of  FIVE HUNDRED  units of Limited Partnership Interest in the Limited Partnership,

which was duly filed as a limited partnership in accordance with the laws of State of Florida

    IN WITNESS WHEREOF, the undersigned, being the general partner of the Limited Partnership, attests the foregoing, and sets hereto its hand.

DATED:    October 7, 2004

By: _____

               General Partner



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

GEORGE T. FARRELL
AKA GEORGE FARRELL
1125 Second Avenue South
Tierra Verde, FL 33715,

CHAPTER 7
Case No. 8:07-bk-05406-KRM

     Debtor.

_____/

## AMENDED ORDER ON THE TRUSTEE'S SECOND AMENDED MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE AND REQUEST TO REVOKE DEBTOR'S DISCHARGE

This case came on for Final Evidentiary Hearing on May 27, 2008 upon the Second Amended Motion to Compel Turnover of Property of the Estate and Request to Revoke Debtor's Discharge (Docket No. 98) filed by the Chapter 7 Trustee, Traci K. Stevenson (the "Trustee"). An Order on the Trustee's Second Amended Motion to Compel Turnover of Property of the Estate and Request to Revoke Debtor's Discharge (Docket No. 105) (the "Order") was entered by this Court on June 11, 2008. However, in the process of electronically submitting the Order for entry, a block of text was lost, causing the necessity of Amending the Order for completeness and accuracy.

Therefore, for the reasons stated orally and recorded in open court, that shall constitute the decision of the Court, it is ORDERED as follows:

1.    The Court finds that the defenses raised by the Debtor, George T. Farrell (the "Debtor"), are not credible or legally sustainable.

1



EXHIBIT

B

2.     The below-mentioned real and personal property items, set forth in paragraphs 3 and 6 below, have been established as assets that were owned by the Debtor on or before the date of filing, June 26, 2007 (the "Petition Date") (hereinafter collectively referred to as "Assets").

3.     The Debtor shall hereby turnover to the Trustee the following Assets within 30 days from the date of entry of this Order:

a.     The $400 security deposit with Progress Energy;

b.     One-half of the household goods and furnishings located at 1125 Second Avenue South, Tierra Verde, FL 33715 (the "Tierra Verde Property"), 6514 Abaco Drive, Apollo Beach, FL 33572 (the "Apollo Beach Property"), and any other location where the household goods and furnishings are presently stored;

c.     The Apollo Beach Property located at 6514 Abaco Drive, Apollo Beach, FL 33572, in accordance with paragraphs 4 and 5 below;

d.     One-half of the books, pictures, antiques, and collections or collectibles located at the Tierra Verde Property and any other location where the books, pictures, antiques, and collections or collectibles are presently stored;

e.     All of the Debtor's wearing apparel, including but not limited to the wearing apparel located in the trunks of vehicles, or at the Tierra Verde Property, or at the Apollo Beach Property;

f.     The Debtor's Rolex watch, which was previously turned over by the Debtor at the Meeting of Creditors to the Trustee, and the Debtor's Wedding Ring;

g.     The office equipment located at the Tierra Verde Property, and any other location where the office equipment is presently stored;

2

h.      Any and all book royalties to be received by the Debtor, including all contact information for any book agent, literary agent, publisher or any other agency that controls the distribution of said book royalties;

i.      The 1998 Mercedes-Benz ML 320;

j.      The 1998 Mercedes-Benz C230;

k.      The 1999 30' Bayliner Fiberglass Pleasure Vessel, or in lieu of turning this boat over to the Trustee, documentation to the Trustee's satisfaction establishing that it is no longer in the Debtor's possession, including but not limited to documentation reflecting a sale of same, such as a bill of sale or closing statement, or other records indicating where the boat was located, how it was disposed of, and where it was delivered, including the location of the boat dock, and the trailer number, or the license plate number for the trailer;

l.      The 1993 16'9" Wellcraft Fiberglass Vessel, or in lieu of turning this boat over to the Trustee, documentation to the Trustee's satisfaction establishing that it is no longer in the Debtor's possession, including but not limited to documentation reflecting a sale of same, such as a bill of sale or closing statement, or other records indicating where the boat was located, how it was disposed of, and where it was delivered, including the location of the boat dock, and the trailer number, or the license plate number for the trailer;

m.      Any and all books and records for Milmarson Development, LLC. Furthermore, the Trustee is deemed the sole member of Milmarson Development, LLC; therefore, all assets of Milmarson Development, LLC are property of the bankruptcy estate, governed by the Trustee, and not the Debtor;

4.      The Trustee is hereby authorized to file a Lis Pendens on the Apollo Beach Property upon the entry of this Order;

3

5.    The Debtor shall turnover the Apollo Beach Property to the Trustee within 30 days from the date of entry of this Order, by executing a Warranty Deed;

6.    The Debtor shall turnover to the Trustee, within 30 days from the date of entry of this Order, 20 percent of the net amount realized from the sale of the real property located at 13400 Pine Street, Largo FL, in accordance with the Assignment of Interest in Real Property and Project executed by the Debtor, and one-half of the yearly rents due from Terra Excavation, in accordance with the Assignment of Interest in Real Property and Project executed by the Debtor, or alternatively, these Assets are deemed property of the bankruptcy estate, governed by the Trustee, and not the Debtor.  Moreover, the Trustee is hereby authorized to contact Nick Kotaiche to intercept all payments relating to same in the future;

7.    The Trustee is hereby authorized to sell such Assets as are in her possession upon due notice to creditors and to the Debtor;

8.    In lieu of the Debtor turning over the above-mentioned Assets, the Debtor may hire an appraiser to value the Assets and may negotiate an amount to be paid to the Trustee, at the sole discretion of the Trustee, taking into consideration the amount of the administrative claims and the unsecured creditors' claims;

9.    The Court reserves jurisdiction to implement or enforce all terms of this Order.

DONE AND ORDERED in Tampa, Florida on ___June 16, 2008___.

_K R L M_

The Honorable K. Rodney May
United States Bankruptcy Judge

4

Copies furnished to:
Iurillo & Associates, P.A., 600 1st Avenue North, Suite 308, St. Petersburg, FL 33701;
Traci K. Stevenson, Trustee, P.O. Box 86690, Maderia Beach, FL 33738;
Assistant U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602;
Debtor, George T. Farrell, 235 Apollo Beach Blvd., # 220, Apollo Beach, FL 33572-2251; and
Rudolph C. Campbell, Esq., 4203 N. Nebraska Ave., Tampa, FL 33603.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

                                                CHAPTER 7
GEORGE T. FARRELL                               Case No. 8:07-bk-05406-KRM
AKA GEORGE FARRELL

    Debtor.
_____/

## ORDER TO TRANSFER PAYMENT

This case came on for Hearing on August 26, 2008 upon the Trustee's Motion for Contempt and Sanctions Against the Debtor for Violating a Bankruptcy Court Order (Docket #114 filed July 18, 2008) and Supplemental Motion for Contempt and Sanctions Against the Debtor for Violating a Bankruptcy Court Order (Docket #126 filed July 30, 2008) (hereinafter referred to as "the Motions") filed by the Chapter 7 Trustee, Traci K. Stevenson (the "Trustee"). For the reasons stated orally and recorded in open court, that shall constitute the decision of the Court, it is ORDERED as follows:

The Court hereby immediately directs Nick Kotaiche to garnish in favor of the Chapter 7 Trustee and to pay to the Chapter 7 Trustee directly, in care of her attorneys, Iurillo & Associates, P.A., 600 First Avenue North, Suite 308, St. Petersburg, Florida 33701, all monies due to the Debtor, George T. Farrell, pursuant to the Assignment of Interest in Real Property and Project, executed by the Debtor, George T. Farrell, on March 29, 2006, which is attached hereto and marked as Exhibit A ("Assignment"). The Court has previously determined that the Assignment and any monies due under the Assignment are assets of the above bankruptcy estate, pursuant to this Court's Amended Order on the Trustee's Second Amended Motion to Compel

1



Turnover of Property of the Estate and Request to Revoke Debtor's Discharge (Docket # 107).

Such monies that must be paid to the Chapter 7 Trustee are, including but not limited to, 20% of

the net amount realized from the sale of the real property located at 13400 Pine Street, Largo, FL

whenever due or paid, now or in the future, and one-half of the yearly rents due from Terra

Excavation, whenever due or paid, now or in the future.

DONE AND ORDERED in Tampa, Florida on Sept. 10, 2008.


The Honorable K. Rodney May
United States Bankruptcy Judge

Copies furnished to:
Iurillo & Associates, P.A., 600 1st Avenue North, Suite 308, St. Petersburg, FL 33701;
Traci K. Stevenson, Trustee, P.O. Box 86690, Maderia Beach, FL 33738;
Assistant U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602;
Debtor, George T. Farrell, 235 Apollo Beach Blvd., # 220, Apollo Beach, FL 33572-2251; and
Rudolph C. Campbell, Esq., 4203 N. Nebraska Ave., Tampa, FL 33603.

## ASSIGNMENT OF INTEREST IN REAL PROPERTY AND PROJECT

THE PARTIES to this Agreement are George Farrell, both Individually and as Managing Member of Milmarson Development, LLC (collectively the "Assignor") and Nick Kotaiche, Individually (the "Assignee").

### RECITALS

WHEREAS, the Parties entered into a limited liability Partnership titled "CREST CAPITAL, LLP" (the "Partnership") created and existing under the law of the State of Florida; and

WHEREAS, the Partnership acquired a piece of property consisting of approximately 18.43 acres located at 13400 Pine Street, Largo, Pinellas County, Florida, more fully described in Exhibit "A" attached (the "Property"); and

WHEREAS, the Property is subject to a First Mortgage given by Pinellas County, a political subdivision of the State of Florida, dated October 8, 2004, recorded October 13, 2004 in O.R. Book 13882, beginning at page 1476 and rerecorded December 17, 2004 in O.R. Book 14008, beginning at page 1419, all in the Public Records of Pinellas County, Florida; given to secure a Promissory Note in the original principal amount of Three Million Four Hundred Twenty-Nine Thousand Seven Hundred Ten and 00/100 Dollars ($3,429,710.00) for the purpose of constructing an Affordable Housing Development on said Property (the "Project"); and

WHEREAS, the Partnership entered into an Agreement for Development with the Pinellas County Community Development Department dated on or about October 8, 2004 whereby the Partnership agreed to commence work on the Project no later than June 1, 2005 (the "Commencement Date"); such Agreement was amended on or about June 6, 2005 through an Amendment to Agreement for Development whereby the commencement date was extended to December 31, 2005, and was subsequently extended by additional Amendments to Agreement for Development, the last being dated January 31, 2006 extending the commencement date to April 30, 2006; and

WHEREAS, it is in the best interests of the parties that George Farrell, Individually and as Managing Member of Milmarson, LLC, a Partner in Crest Capital, LLP, shall convey his interest in the Property and the Project to Nick Kotaiche, Individually and as a Partner of Crest Capital, LLP and/or his Assigns.

### AGREEMENT

NOW, THEREFORE, for good and valuable consideration and covenants hereafter set forth, the parties agree as follows:

1.   **Assignment and Delegation.**  Assignor hereby conveys, transfers and assigns to Assignee, all of Assignor's right, title and interest in and to the Property and the Project (the "Property and Project Interest"), and delegates to Assignee all of his obligations under the Agreement. Assignor agrees to deliver to Assignee his original Certificate representing his ownership interest in the Partnership upon payment of the $50,000 purchase price.

2.   **Acceptance and Assumption.**  Assignee hereby accepts the Assignment of Assignor's Property and Project Interest and agrees to assume and perform all of Assignor's duties and obligations under the Agreement. Additionally, Assignee agrees to pay to the Assignor the following:

STP:616585:1

EXHIBIT
A

    (a)    upon execution of this Agreement, the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) Cash;

    (b)    upon Assignee's sale of the Property to a third party, twenty percent (20%) of the net amount realized by the Assignee;

    (c)    one-half of the rent accrual through date of this Agreement, if collected; and

    (d)    Assignee will cover $2,000 of Assignor's attorneys' fees.

It is further agreed and acknowledged that it is expressly contemplated that Assignee will enter into a Partnership with additional partners which will dilute the net amount of the sale realized by the Assignee.

3.    <u>Release of Liabilities</u>.    Assignor shall be released of further liabilities by Partnership.

4.    <u>Miscellaneous</u>.

    (a)    <u>Entire Agreement</u>.  This Agreement embodies the entire agreement between the parties relative to the subject matter hereof, and there are no oral or written agreements between the parties, nor any representations made by either party relative to the subject matter hereof, which are not expressly set forth herein.

    (b)    <u>Amendment</u>.  This Agreement may be amended only by a written instrument executed by the party or parties to be bound thereby.

    (c)    <u>Headings</u>.  The captions and headings used in this Agreement are for convenience only and do not in any way limit, amplify, or otherwise modify the provisions of this Agreement.

    (d)    <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of Florida and the laws of the United States pertaining to transactions in such State.  All of the parties to this Agreement have participated freely in the negotiation and preparation hereof; accordingly, this Agreement shall not be more strictly construed against any one of the parties hereto.

    (e)    <u>Successors and Assigns; Assignment</u>.  This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective heirs, executors, administrators, personal and legal representatives, successors and assigns.  Assignee shall have the right to assign Assignee's rights under this Agreement without the prior written consent of Assignor.

    (f)    <u>Invalid Provision</u>.  If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws, such provision shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by such illegal, invalid, or unenforceable provision or by its severance from this Agreement.

STP:516085:1

2

(g)   Attorneys' Fees.  In the event it becomes necessary for either party hereto to file suit to enforce this Agreement or any provision contained herein, the party prevailing in such suit shall be entitled to recover, in addition to all other remedies or damages, as provided herein, reasonable attorneys' fees, paralegal fees and cost incurred in such suit at trial, appellate, bankruptcy and/or administrative proceedings.

(h)   Multiple Counterparts; Facsimile Signatures.  This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which when taken together shall constitute one and the same instrument. In making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart executed by the party to be charged.   For purposes of executing this Agreement, facsimile signatures are acceptable.

(i)   Date of this Agreement.  This Agreement shall not be effective unless signed by both Assignee and Assignor.

IN WITNESS WHEREOF, this document is entered into and executed this ___ day of March, 2006.

WITNESSES:

Print Name _L. GEM_____

Print Name _Kim C. Shore_____

Print Name _Kim Shore_____

Print Name _L. Gallup_____

Print Name _Kim C. Shore_____

Print Name _KimShore_____

Print Name _L. Gallup Yovbee_____

Print Name _Tiny Kallal_____

MILMARSON DEVELOPMENT, LLC, a Florida limited liability company

By: _____
George Farrell, Managing Member

_____
George Farrell, Individually

"ASSIGNOR"

_____
Nick Kotaiche, Individually

"ASSIGNEE"

# CREST CAPITAL, LLP

*THIS CERTIFIES THAT* ___MILHARSON DEVELOPMENT, LLC, a Florida limited liability company___

is the owner of ___FIVE HUNDRED___ _____ units of Limited Partnership interest in the Limited Partnership,

which was duly filed as a limited partnership in accordance with the laws of State of Florida

IN WITNESS WHEREOF, the undersigned, being the general partner of the Limited Partnership, attests the foregoing, and sets hereto its hand.

DATED: ___October 7, 2004___

By: _____
      General Partner