UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GEORGE T. FARRELL, | § | |
| | § | CASE NO. 07-5406-8KRM7 |
| debtor. | § | |
| | § | |
| TRACI K. STEVENSON, | § | |
| | § | |
| plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 08-459 |
| | § | |
| NICK KOTAICHE, | § | |
| | § | |
| defendant. | § | |

**ANSWER AND AFFIRMATIVE DEFENSES**

    NICK KOTAICHE ("**Defendant**") answers the complaint of TRACI K. STEVENSON ("**Plaintiff**") by generally denying each and every material allegation unless specifically admitted below:

ANSWER

    1. Defendant admits the allegations stated in paragraphs one through three, nine, ten, 17, and 26 of the complaint.

    2. Defendant admits that attached Exhibit "A" to the complaint is a true and correct copy of the Assignment, but to the extent that any allegation in paragraphs four through seven of the complaint vary, define, or embellish any specific terms or conditions of the assignment, same are denied.

    3. Defendant is without sufficient information or belief as to the allegations contained in paragraphs eight, 19, and 28 of the complaint and therefore deny same at present.

    4. Defendant admits that attached Exhibit "B" to the complaint is a true and correct copy of the amended order, but to the extent that any allegation in paragraphs 11 and 12 of the complaint vary, define, or embellish any specific provision in the order, same are denied. Moreover, Defendant was not a party to the order, never given notice of the basis of the order, nor was he ever heard or given a chance to dispute the merits of Plaintiff's allegations supporting it. In short, Defendant has been denied a right to be heard on the order and due process and it should be voidable in relation to Defendant. All other allegations in such paragraphs are denied.

    5. Defendant admits that attached Exhibit "C" to the complaint is a true and correct copy of the transfer order, but to the extent that any allegation in paragraphs 13 and 14 of the complaint vary, define, or embellish any specific provision in the transfer order, same are denied. Moreover, Defendant was not a party to the transfer order, never given notice of the basis of the transfer order, nor was he ever heard or given a chance to dispute the merits of Plaintiff's allegations supporting it. In short, Defendant has been denied a right to be heard on the transfer order and due process, and it should be voidable in relation to Defendant. All other allegations in said paragraphs are denied.

    6. Defendant denies the allegations in paragraphs 15, 18, 22 through 24, 27, 31, and 32 through 39 of the complaint.

    7. Defendant is without notice, right to be heard, and denied due process with regard to Plaintiff's acquisition of the orders and allegations contained in paragraphs 20, 21, 29, 30, and therefore deny same.

8. Defendant realleges his answer to paragraphs one through 15 in response to paragraphs 16 and 25 of the complaint.

## AFFIRMATIVE DEFENSES

9. Defendant's claims are barred as the debtor herein has been paid for any and all rent accrual through the date of the assignment, if collected.

10. Defendant's claims are barred as voidable due to a failure of notice, right to be heard, and due process.

11. Defendant's claims are barred under the doctrine of waiver, fully executed by Plaintiff and debtor.

12. Defendant's claims are barred under the doctrine of estoppel.

13. Defendant's claims are barred under the doctrine of novation fully executed by Plaintiff and debtor.

14. Defendant's claims are barred under the doctrine of accord and satisfaction fully executed by Plaintiff and debtor.

15. Plaintiff has failed to meet the condition precedent of the rent accrual being collected before seeking collection of same.

WHEREFORE, Defendant respectfully requests that judgment be entered in favor of Defendant as against Plaintiff, that Plaintiff take nothing by way of her claims, and that Defendant be granted such other and further relief to which he may be justly entitled.

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed via ciurillo@iurillolaw.com and via ECF to Camille J. Iurillo, 600 1st Aveneu North, suite 308, St. Petersburg, FL 33701 this 22nd day of December, 2008.

THADDEUS FREEMAN, PLLC

By:  /s/ Thaddeus Freeman
Thaddeus Freeman
FBN 0949299
8150 Cypress Garden Court
Largo, Florida  33777
(727) 394-2000
ATTORNEY FOR DEFENDANT

ANSWER and AFFIRMATIVE DEFENSES, page 2