IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GEORGE T. FARRELL,<br><br>    Debtor.<br>_____/ | Case No: 8:07-bk-05406-KRM<br>Chapter 7 |
| TRACI K. STEVENSON,<br>as Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>NICK KOTAICHE,<br><br>    Defendant.<br>_____/ | Adv. Proc. No. 8:08-ap-00459-KRM |

**NOTICE OF SERVICE OF PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Traci K. Stevenson, hereby gives notice of serving her Answers to Defendant's First Set of Interrogatories, numbered one (1) through ten (10), and her Answers to Defendant's Request for Production of Documents, numbered one (1) through four (4), by serving the original Answers upon counsel for Defendant, as certified below.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2009, I served a true and correct copy of the foregoing by regular U.S. Mail upon: Thaddeus Freeman, counsel for Defendant, 8150 Cypress Garden Court, Largo, FL 33777 and the Chapter 7 Trustee, Traci K. Stevenson, P.O. Box 86690, Madeira Beach, FL 33738.

                               IURILLO & ASSOCIATES, P.A.

                               /s/ Gina M. Pellegrino

                               Camille J. Iurillo, Esquire
                               Fla. Bar No. 902225
                               Gina M. Pellegrino, Esquire
                               Fla. Bar No. 0022842
                               600 First Avenue North, Suite 308
                               St. Petersburg, FL 33701
                               (727) 895-8050 telephone
                               (727) 895-8057 facsimile
                               Counsel for Trustee

## RESPONSES TO INTERROGATORIES

1. Please state the name, address, and telephone number of each individual who has supplied any information to Plaintiff or her attorney in connection with preparing:

(a) The answers to these Interrogatories; and

(b) The responses to Requests for Production of Documents.

For each person identified, specify the number of the Interrogatory or Request for Production for which the person provided the information and describe the general nature of said information.

ANSWER:

**George T. Farrell, Debtor**
**235 Apollo Beach Blvd. # 220**
**Apollo Beach, FL 33572**

**Nick Kotaiche**
**1115 37th Avenue NE**
**St. Petersburg, FL 33704**

**Thomas Spencer, Esq.**
**Pinellas County Attorney's Office**
**315 Court Street**
**Clearwater, FL 33756**

2. Please identify each and every person whom you intend to call as an expert witness at trial, and with respect to each such person, state completely and in detail:

(a) The expert's home address and business address;
(b) All qualifications relied upon to establish to expert's expertise;
(c) The subject matters or matters upon which the expert is expected to testify;
(d) The substance of the facts and opinions to which the expert is expected to testify, including, but not limited to, detailed statements of all facts to be assumed by the expert in any hypothetical questions; and
(e) A summary of the grounds for each opinion.

ANSWER:

**Unknown, discovery is ongoing**

3. Please identify by name, address, and telephone number each and every person that has knowledge of any relevant facts involved in this case. With respect to each, give a brief summary of the facts known by each such person.

3

ANSWER:

George T. Farrell, Debtor
235 Apollo Beach Blvd. # 220
Apollo Beach, FL 33572

Mr. Farrell was a party to the Assignment, attached to Plaintiff's Complaint as Exhibit A. According to Mr. Farrell, he has not been paid the rents due to him under the Assignment.

Nick Kotaiche
1115 37th Avenue NE
St. Petersburg, FL 33704

Mr. Kotaiche was a party to the Assignment, attached to Plaintiff's Complaint as Exhibit A.

    4.    Identify all such persons from whom written or oral statements have been taken, and the subject matter and contents of said statements.

ANSWER:

George T. Farrell, Debtor
235 Apollo Beach Blvd. # 220
Apollo Beach, FL 33572

Mr. Farrell's deposition was taken on February 5, 2008, in this bankruptcy case. Pursuant to Mr. Farrell's testimony at that deposition, he has not been paid the rents due to him under the Assignment.

Nick Kotaiche
1115 37th Avenue NE
St. Petersburg, FL 33704

Mr. Kotaiche's deposition was taken on September 11, 2008 in the *Pinellas County v. Crest Capital, LLP and Milmarson Development, LLC* case. Pursuant to Mr. Kotaiche's testimony at that deposition, Terra Excavation paid $150,000 in rent, and rented the Largo Property until November 2006.

    5.    Identify each person you anticipate calling as a witness at the trial of this matter, and for each such person state:

    (a)    The person's name, address and telephone number;
    (b)    The subject on which the person is expected to testify; and
    (c)    Any documents on which the person is expected to rely.

ANSWER:

George T. Farrell, Debtor
235 Apollo Beach Blvd. # 220
Apollo Beach, FL 33572

Nick Kotaiche
1115 37th Avenue NE
St. Petersburg, FL 33704

6. Identify each document that was relied upon or referred to in answering these interrogatories.

ANSWER:

**Mr. Farrell's deposition transcript from February 5, 2008**

**Mr. Kotaiche's deposition transcript from September 11, 2008**

**Letter sent to Nick Kotaiche from this Law Firm, via Certified Mail, on September 11, 2008**

**The Chapter 7 Trustee's Complaint for Injunctive Relief, in this Adversary Proceeding, with Exhibits**

7. Identify all facts, persons or entities, and documents which support your allegation that "Terra Excavation paid $150,000.00 in rent, one-half of which is due" (the "Rent") you as alleged in paragraphs eight and 15 of your complaint.

ANSWER:

**Mr. Farrell's deposition was taken on February 5, 2008, in this bankruptcy case. Pursuant to Mr. Farrell's testimony at that deposition, he has not been paid the rents due to him under the Assignment.**

**Mr. Kotaiche's deposition was taken on September 11, 2008 in the *Pinellas County v. Crest Capital, LLP and Milmarson Development, LLC* case. Pursuant to Mr. Kotaiche's testimony at that deposition, Terra Excavation paid $150,000 in rent, and rented the Largo Property until November 2006.**

**Per the Assignment, attached to Plaintiff's Complaint as Exhibit A, Mr. Farrell was entitled to one-half of the rent due from Terra Excavation.**

8. Identify all facts, persons or entities, and documents which show that Defendant received notice of your motion, as amended, for turnover of the Rent.

ANSWER:

**Letter sent to Nick Kotaiche from this Law Firm, via Certified Mail, on September 11, 2008**

9. Identify all facts, persons or entities, and documents which show that Defendant appeared, was heard, or given an opportunity to be heard at any hearing or other disposition regarding your motion, as amended, for turnover of the Rent.

ANSWER:

**See # 8 above**

10. Identify all charges or allegations of misconduct against George Farrell made in the above-referenced bankruptcy case, including the factual basis of any such allegations or claims to bar or revoke his discharge.

ANSWER:

**Objection, overbroad or irrelevant to the pending adversary proceeding at issue**

[Notary stamp: CHRIS C. HUYNH, MY COMMISSION # DD 694662, EXPIRES: July 12, 2011]

_____
Signature of Affiant

TRACI STEVENSON
Printed Name

FLDL# S315 811 579700
ISS# 9/24/08
EXP# 12/30/13.

STATE OF FLORIDA §
COUNTY OF Pinellas §

Sworn to (or affirmed) and subscribed before me this 25th day of February, 2009. by _____, who is ☐ personally known or ☐ produced the following identification __FLDL__.

_____
NOTARY PUBLIC

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff has not yet completed her investigation of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such information and documentation that are presently available to Plaintiff. Plaintiff does not concede that any of the responsive documents are or will be admissible evidence at trial. Further, Plaintiff does not waive any objection, whether or not asserted herein, to the use of any such responses at trial. Plaintiff objects to the requests to the extent the information sought: (a) is subject to the attorney-client privilege; (b) constitutes work product; (c) was prepared in anticipation of litigation or for trial; or (d) is otherwise privileged or exempt from discovery under any applicable privilege or other protection against disclosure. To the extent that any documents are withheld from production on grounds of privilege a privilege log will be provided. Any disclosure of privileged or protected information or documents in response to any of the requests is inadvertent and shall not be deemed a waiver by Plaintiff of any applicable privileges or protections, and Plaintiff reserves the right to demand that Defendant and Defendant's counsel return any such information or documents and all copies thereof.

Plaintiff objects to the requests to the extent they call for information readily available through public sources, from sources that are more convenient, less burdensome or less expensive, or from sources that are more readily available to Defendant than to Plaintiff.

Plaintiff's responses and objections to the requests and its production of documents are not intended to be, and shall not be construed as, an agreement or concurrence by Plaintiff with Defendant's characterization of any facts, circumstances, and/or legal obligations. Plaintiff also reserves the right to contest any such characterization as inaccurate. Plaintiff further objects to

the requests to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in this case.

Plaintiff's responses and the production of documents are not intended, and shall not be construed, as an admission that the information is relevant, material, admissible in evidence or reasonably calculated to lead to the discovery of admissible evidence, or as a waiver or any applicable privilege. Plaintiff's responses to the requests and the production of documents are not intended to waive or prejudice any objections Plaintiff may later assert, including, without limitation, objections as the to admissibility of any document, response or category of responses at trial.

**Notwithstanding the above objections, Plaintiff will produce for review the following to the extent such items and/or documents exist and are in the possession, custody and control of the Plaintiff at a mutually agreeable time at Iurillo & Associates, P.A. as follows:**

1.  Please produce each and every document which you identify, or to which you refer in your answers to the foregoing interrogatories or which you relied upon in preparing your answers to the foregoing interrogatories.

RESPONSE:

**Mr. Farrell's deposition transcript from February 5, 2008**

**Mr. Kotaiche's deposition transcript from September 11, 2008**

**Letter sent to Nick Kotaiche from this Law Firm, via Certified Mail, on September 11, 2008 – already in Defendant's possession**

**The Chapter 7 Trustee's Complaint for Injunctive Relief, in this Adversary Proceeding, with Exhibits – already in Defendant's possession**

2.  For any witness retained or specially employed to provide expert testimony on behalf of the Plaintiff, please produce the following:

    (a)  Copies of any reports, documents or notes containing a complete statement of all opinions to be expressed by each such witness;

(b) Copies of the date or information considered by each such witness in forming such opinion;
(c) Copies of the qualifications of each such witness;
(d) A list of publications authored by each such witness within the preceding 10 years;
(e) Copies of all documents setting forth the compensation to be paid to each such witness; and
(f) A listing of any other cases in which each such witness has testified as an expert at trial or by deposition within the preceding four years.

RESPONSE:

**Unknown, discovery is ongoing**

3. Please produce each and every document which you have reviewed in drafting your complaint filed in this action or which relates to or supports the allegations contained in same.

RESPONSE:

**See #1 above**

4. Please produce each and every document which you may offer as an exhibit either in your case in chief or in rebuttal at any potential trial of this matter.

RESPONSE:

**See #1 above**

9